99 F.3d 1145
 1996-2 Trade Cases P 71,632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DOMEL, INC., d/b/a Sail Drug & Discount Centers, Plaintiff-Appellant,
v.
AETNA LIFE & CASUALTY; Aetna Health Plans of California,
Inc., Defendants-Appellees.
 No. 95-15977.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Oct. 15, 1996.
 
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Domel, Incorporated (Domel) appeals from the district court's judgment dismissing its action with prejudice pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. The district court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1337. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 In its complaint, Domel alleged that Aetna Life & Casualty Company (Aetna) violated the antitrust laws in three ways. First, it contended that Aetna attempted and conspired to monopolize the prescription drug market of Hemet, California. Second, it asserted that Aetna conspired to restrain trade in pharmaceuticals. Since Domel failed to raise either of these claims in its opening brief, they are waived. Nugget Hydroelectric v. Pacific Gas & Elec., 981 F.2d 429, 436 (9th Cir.1992) (Nugget Hydroelectric ), cert. denied, 508 U.S. 908 (1993); see also Miller v. Fairchild Industries, 797 F.2d 727, 738 (9th Cir.1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citations omitted).
 
 
 3
 Domel's third claim is that Aetna's exclusivity provision for the purchase of prescriptions violates section 1 of the Sherman Antitrust Act (15 U.S.C. § 1) as an illegal tying arrangement. "A tying arrangement is 'an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product.' " Eastman Kodak Co. v. Image Technical Services, 504 U.S. 451, 461 (1992) (citations omitted). Tying requires separate products. Id. at 462.
 
 
 4
 Klamath-Lake Pharmaceutical Assoc. v. Klamath Medical Service Bureau, 701 F.2d 1276, 1288-90 (9th Cir.), cert. denied, 464 U.S. 822 (1983), holds that an insurance policy and its exclusivity requirement to purchase drugs from a designated pharmacy are not separate products because "[i]nsureds ... certainly d[o] not consider these as two separate products." Id. at 1290. Domel attempts to distinguish Klamath-Lake by contending that in today's market, consumers view an insurance plan and its exclusivity provisions as separate products. However, our subsequent decisions have adhered to Klamath-Lake. See, e.g., De Modena v. Kaiser Foundation Health Plan, 743 F.2d 1388, 1396 (9th Cir.1984) ("[W]e have already rejected the theory that a drug plan and the drugs provided under that plan are separate commodities."), cert. denied, 469 U.S. 1229 (1985).
 
 
 5
 Klamath-Lake and De Modena require us to hold that the insurance plan and its exclusivity provision are not separate goods. See Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir.), cert. denied, 510 U.S. 907 (1993). The district court correctly held that the allegation of an illegal tying arrangement failed to state a claim upon which relief could be granted.
 
 
 6
 Since Domel never asserts in its opening brief that the district court abused its discretion in denying Domel the opportunity to amend its complaint, Domel has waived this argument. Nugget Hydroelectric, 981 F.2d at 436.
 
 
 7
 Since Domel waived its first two claims, and Ninth Circuit precedent requires us to deny its third claim, we do not consider whether the "business of insurance" defense of the McCarran-Ferguson Act (15 U.S.C. § 1012) applies to this case.
 
 
 8
 AFFIRMED.